IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GLENARD C. THORNE | ) |
| | ) |
| v. | ) NO. 1:14-0001 |
| | ) |
| SOUTH CENTRAL CORRECTIONAL | ) |
| FACILITY, et al. | ) |

TO: Honorable William J. Haynes, Senior District Judge

## R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered February 9, 2015 (Docket Entry No. 44), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is the motion for summary judgment (Docket Entry No. 37) filed by Defendants Michael Parrish and Daniel Pritchard, to which Plaintiff has filed a response in opposition. See Docket Entry Nos. 51 and 52. Also before the Court is the Defendants' reply. See Docket Entry No. 56. For the reasons set out below, the Court recommends that the motion for summary judgment be granted and this action be dismissed.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Tennessee Department of Correction ("TDOC") who is currently confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville,

Tennessee. On December 10, 2013, he filed this action pro se and in forma pauperis against four prison officials seeking damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.[1] Plaintiff names SCCF Unit Manager Michael Parrish, SCCF Warden Daniel Pritchard, and SCCF correctional officers Brenda Pevahouse and Hank Inman as defendants to the action. By Order entered June 5, 2014 (Docket Entry No. 26), the claims against Defendants Pevahouse and Inman were dismissed with prejudice upon their motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff alleges that he was attacked in his housing unit at the SCCF by two inmates, inmate Sandifer and inmate Hardy, who had been listed as incompatible inmates during Plaintiff's confinement in the Davidson County Criminal Justice Center prior to his transfer to the TDOC.[2] He asserts that he suffered wounds to his neck and hand from knives used by the two inmates. He further alleges that his wounds were left unattended after the attack and he was placed in segregation instead of being given medical treatment. Plaintiff contends that the incompatible list from the county facility should have followed him to the TDOC and that his file should have been reviewed for incompatible inmates prior to placement in a housing unit at the SCCF. He asserts that his constitutional right to personal safety was violated when he was placed in the same unit with the two inmates who attacked him.

---

[1] Plaintiff filed this action in the Western District of Tennessee, but the action was transferred to this Court on January 2, 2014. See Docket Entry No. 4.

[2] Although Plaintiff does not state in his complaint when the attack occurred, the Defendants assert that the incident occurred on July 22, 2013. See Defendants' Statement of Undisputed Material Facts (Docket Entry No. 39). at ¶ 3.

2

Defendants Pritchard and Parrish move for summary judgment on the grounds that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. The Defendants raise a technical argument that Plaintiff has not satisfied the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") because he failed to exhaust his available TDOC administrative remedies for each of his claims. In addition, the Defendants contend that there are no facts supporting Plaintiff's assertion that his constitutional rights were violated and, further, no facts showing their personal involvement in the events at issue. The Defendants acknowledge that a violent fight occurred between Plaintiff and inmate Sandifer on July 22, 2013, but assert that at no time since his arrival at the SCCF on July 7, 2013, had Plaintiff grieved, complained, or otherwise let prison officials know that inmate Sandifer was incompatible with him. The Defendants further contend that there is no indication of any altercation between Plaintiff and inmate Hardy, and that neither inmate was listed as an incompatible with Plaintiff in the TDOC's Tennessee Offender Management Information System ("TOMIS"). The Defendants maintain that they had no reason to know that inmate Sandifer was incompatible with the Plaintiff. The Defendants also assert that, contrary to Plaintiff's version of the events, the internal investigation of the incident by prison officials showed that Plaintiff was the aggressor in the incident.

The Defendants also argue that Plaintiff was promptly provided with appropriate medical treatment for his wounds, which consisted of an abrasion on his neck and a cut on his right hand. They assert that his wounds were cleaned, the wound on his hand was closed with sutures, he was given a tetanus shot, antibiotics, and a medicinal cream, and he had several follow up examinations regarding the wounds. In support of their motion, the Defendants rely upon their Statement of Undisputed Material Facts (Docket Entry No. 39), the Declaration of Michael Parrish (Docket Entry

3

No. 40), the Declaration of Daniel Pritchard (Docket Entry No. 41), the Declaration of Jessica McElroy (Docket Entry No. 42), and the Declaration of Safieh Rashti (Docket Entry No. 43).

Plaintiff has filed a response in opposition (Docket Entry No. 51) and his own affidavit (Docket Entry No. 52). Plaintiff contends that, at some point in 2007, a state prosecutor "filed incompatibles" on Plaintiff and inmate Sandifer and that, during Plaintiff's prior incarceration in the TDOC in 2008, inmate Sandifer was listed as one of his TDOC incompatibles. See Plaintiff's Affidavit at 2. Plaintiff further contends that he asked an unnamed counselor to check if "incompatibles were still there," but that the counselor told him to ask another counselor about it the following week. Id. at 2. Plaintiff asserts that he filed a grievance about incompatibles at the SCCF prior to the incident but that the grievance was not taken seriously. See Plaintiff's Response, at 2. Finally, Plaintiff argues that he should not have been sent to SCCF in the first place because he was a minimum restricted inmate. In addition to his affidavit, Plaintiff supports his response with copies of the internal appeal from the prison disciplinary conviction he received as a result of the incident, see Docket Entry No. 52, at 3-6, and copies of his responses to discovery requests that the Defendants served on him. Id. at 7-14.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

4

jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a trier of fact could find in favor of the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a

well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

The Court finds that summary judgment should be granted to the Defendants. Although Plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), when his claims are challenged upon a motion for summary judgment, he must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). His pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff fails to satisfy this requirement and, based on the evidence before the Court, Plaintiff could not succeed on his claims if they were tried.

First, Plaintiff's claims have not been properly exhausted as is required by the PLRA. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998).

Once the defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). It is further well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222.

The Defendants have set forth evidence that a grievance system is available to inmates at the SCCF and that there is no record that Plaintiff filed any type of grievance about either the incident occurring on July 22, 2013, or his medical treatment after the incident. See Declaration of McElroy. Plaintiff has not set forth any evidence disputing the Defendants' proof on this issue and showing that he took steps to exhaust his administrative remedies pertaining to his claims. It is Plaintiff's burden to rebut the Defendants' contention that he failed to exhaust. See Napier, supra. Although Plaintiff makes a statement in his response that he filed a grievance about incompatibles, see Docket Entry No. 51, at 2, his response is not itself evidence, and he fails to support this statement in his

7

affidavit. See Docket Entry No. 52. He further fails to provide copies of the purported grievance or otherwise support his contention that he filed a grievance with any type of documentation. Additionally, Plaintiff has not shown that he grieved about the alleged lack of medical care at the SCCF in any manner. Plaintiff has simply failed to satisfy his burden of showing exhaustion under the PLRA.

Second, Plaintiff has not set forth evidence in support of claims against Defendants Parrish and Pritchard that is sufficient to require that his claims proceed to trial. With respect to the claim that he was not provided with adequate medical care after the incident, the Defendants have set forth affirmative evidence showing that Plaintiff was provided with medical care on the day in question and upon several subsequent occasions. See Declaration of Rashti. This evidence is unrebutted by Plaintiff, and he has offered no evidence, or even argument, supporting a claim that he was treated with deliberate indifference to a serious medical need as is required for an Eighth Amendment claim of this nature. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

With respect to Plaintiff's claim that the Defendants failed to adequately protect him from the risk of attack by inmates Sandifer and Hardy, his allegations are similarly unsupported by evidence showing that there was a substantial risk of serious harm to Plaintiff's safety that was known, or should have been known, by the Defendants and that the Defendants acted or failed to act in a manner which was deliberately indifferent to this substantial risk. See Farmer v. Brennan, 511 U.S. 825, 834-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004).

Plaintiff has presented no evidence that he was involved in an altercation with inmate Hardy or that Hardy actually presented a risk of harm to him. As such, his allegations concerning inmate

Hardy fail to support his claim. With respect to inmate Sandifer, Plaintiff has presented only his own affidavit testimony regarding events occurring in 2007 and 2008 that he believes should have caused Sandifer to have been listed as an incompatible inmate in 2013. However, Plaintiff's affidavit testimony is unsupported by any supporting documentation. Furthermore, Plaintiff has not presented any evidence rebutting the Defendants' evidence that inmate Sandifer was not listed as an incompatible inmate to Plaintiff in 2013. At best, Plaintiff's contention that the information from 2007/2008 should have continued to be a part of his current TOMIS information or that prison officials should have discovered it from review of his prison file shows negligent conduct, which is not sufficient to support a claim under Section 1983. See Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997).

Finally, Plaintiff has not presented any evidence showing that either Defendant Parrish or Pritchard had any involvement in the events at issue or had any reason to know that inmate Sandifer posed a substantial risk of serious harm to Plaintiff. Plaintiff's vague and general allegation that he spoke to a "counselor" about incompatibles fails to show that either Defendant had knowledge of the matter. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Miller v. Calhoun Cnty., 408 F.3d 803, 817 n.3 (6th Cir. 2005); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). There is no evidence before the Court showing that either Defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, any alleged unconstitutional conduct as is required for a claim against them. Accordingly, there is no basis for a claim of individual liability against Defendant. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.

1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because respondeat superior is not a basis for liability under section 1983, the Defendants' status as supervisory officials does not render them personally liable for the acts of others at the SCCF. Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 470 (6th Cir. 2006); Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (1996).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 37) filed by Defendants Michael Parrish and Daniel Pritchard be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge